IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>[1] EUGENIO GARCIA JIMENEZ, et. al.,<br><br>Defendant. | CRIMINAL NO. 21-82(ADC) |

PROTECTIVE ORDER

WHEREAS the United States has moved the Court for entry of a protective order applicable to Discovery Material (defined herein) to be disclosed to the Defense Teams (as defined herein) that is produced in this case;

WHEREAS, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court finds that good cause exists for the entry of a protective order in this case; and

WHEREAS the United States has proposed a procedure that allows reasonable use of Discovery Material to allow Defendants to prepare for trial in this case.

IT IS HEREBY ORDERED:

1. As used in this Order,

    a. "Defense Teams" shall mean: defendants, their counsel of record, employees of the defense counsel of record, and other personnel retained, engaged or employed by the defense counsel of record in connection with this case.

    b. "Discovery Material" shall mean: all documents and electronically-stored information disclosed by the United States to the Defense Teams as during discovery in this case.

2.     The United States will provide Discovery Material that contains unredacted personal identifying information, as well as confidential and sensitive information developed through investigations of law enforcement and the use of the grand jury. All Discovery Material shall be used solely for the purpose of conducting pretrial, trial, and appellate proceedings in this action and for no other purpose whatsoever. In no event will the Defense Teams disclose, directly or indirectly, Discovery Material or the substance thereof to anyone, including the media (excepting any disclosures that may occur during public proceedings at a hearing, trial, or appeal in connection with this matter), except as provided herein.

3.     The use of Discovery Material at trial or at any pre- or post-trial hearings will be resolved at the time of the trial or hearing in question.

4.     Prior to the disclosure of Discovery Material, under this Order, the defendant and each member of the Defense Teams shall sign the appropriate attached Acknowledgment, file the signed Acknowledgment *ex parte* and under seal with the Court, and provide a copy to the government. The Court will not review these Acknowledgements and will maintain them under seal; however, if the Court is satisfied that a violation of this Order is evident, the Court may then open the sealed Acknowledgements and disclose them to an appropriate investigating authority.

5.     In furtherance of its investigation and trial preparation, the Defense Team may disclose Discovery Material to potential witnesses,[1] under the following conditions:

    a.     Prior to the actual disclosure, the Defense Team member making an investigative disclosure must read or summarize the pertinent parts of this Order or provide a copy of this Order to any individual to whom disclosure will be made,

---

[1] Under this Order, "potential witness" and "witness" shall include any attorney for the potential witness or witness, provided his or her attorney (if any) also agrees to the terms of this Order.

        including the prohibitions of conveying any information to any other person or entity and the consequences of such an unauthorized disclosure, and orally advise the individual of his or her obligation to comply with its terms;

        b.     Prior to the actual disclosure, the individual to whom disclosure is to be made shall execute an Acknowledgment to be filed with the Court *ex parte* and under seal within 48 hours of execution, that the individual has been informed of the existence of the protective order, understands it, and agrees to abide by its terms;

        c.     The Defense Team will maintain a log of all individuals to whom disclosure is made, specifying the time and date of the disclosure and describing the contents of the disclosure;

        d.     The individual to whom disclosure is made shall not take any notes, otherwise record any information contained in the discovery materials, or retain such materials or copies of them; and

        e.     Unless such information is that of the individual to whom such materials are to be shown, the Defense Team will redact discovery materials so as not to disclose any personal identifying information or identifying financial account numbers before copies of such documents are shown to the individual.

        6.     Any person to whom a disclosure is made under Paragraph 5 of this Order shall not disclose or convey any information so disclosed to any other person.

        7.     In furtherance of its investigation and trial preparation, the Defense Teams may ask questions of a potential witness derived from Discovery Material without advising the witness of this Order.

        8.     In furtherance of its investigation and trial preparation, the Defense Teams may show a potential witness copies of summary charts, photographs, or business records derived

from Discovery Material as long as the conditions of Paragraphs 5 and 6 of this Order are satisfied.

9. Nothing in this Order shall operate or be construed to operate as restricting the defendants' right to meaningful communication with their defense counsel or to abrogate the United State' duty to provide exculpatory evidence to any defendant.

10. Nothing in this Order shall prevent the United States or the Defense Teams from using Discovery Material, or from referring to or reciting any information contained in such Discovery Material, in connection with any pleadings or motions filed in this action, provided that such material is properly redacted or, if such redactions cannot be readily accomplished, filed under seal.

11. The inadvertent or unintentional disclosure of Discovery Material shall not be deemed a waiver of the confidentiality of such material or other information relating to the same or related subject matter.  Upon discovery of inadvertent error with regard to the disclosure, all parties shall to the extent reasonably possible, cooperate to restore the confidentiality of the material that was inadvertently or unintentionally disclosed.

12. Nothing in this Order shall prevent disclosure beyond the terms of this Order if all parties consent in writing to such disclosure or if such disclosure is ordered by the Court.

13. Violations of this Order may be punishable by contempt of court, or by whatever other sanction the court shall deem just.

IT IS SO ORDERED this 15th day of April, 2021.

S/Aida M. Delgado-Colón
United States District Judge